MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General

LUTHER L. HAJEK (CO Bar 44303)
United States Department of Justice
Environment and Natural Resources Division
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ROSEBUD SIOUX TRIBE, *et al.*,<br><br>  Plaintiffs,<br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.,*<br><br>  Defendants. | CV 20-109-GF-BMM<br><br>**JOINT MOTION FOR STAY** |

Defendants U.S. Department of the Interior *et al.* ("Defendants") and Plaintiffs Rosebud Sioux Tribe *et al.* jointly move for a stay of all deadlines and proceedings in this case for sixty days.[1] Defendants' response to the complaint is currently due February 8, 2021. This case involves the U.S. Bureau of Land Management's ("BLM") approval of a right-of-way for the Keystone XL Pipeline. The parties request a stay to allow them to discuss whether further litigation is necessary in light of the President's revocation of the Presidential permit allowing the pipeline to cross the border.

In a January 20, 2021 Executive Order, President Joseph R. Biden revoked the March 29, 2019 Presidential Permit granted to TransCanada Keystone Pipeline, L.P., for the construction, connection, operation, and maintenance of pipeline facilities at the international border of the United States and Canada. *See* Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7,037, 7,041 (Jan. 20, 2021). After the issuance of the executive order revoking the border-crossing permit, TC Energy announced that it would suspend advancement of the project due to the revocation of the Presidential

---

[1] The project proponent, TC Energy, has not yet moved to intervene in this case, but it supports this request and similar requests that the government is making in other cases before this Court involving the Keystone XL Pipeline.

1

Permit.[2]

The requested stay will not prejudice any party because TC Energy has stated in a court filing in the prior *Rosebud Sioux* case that it does not intend to construct any new pump stations or to do any further construction of the pipeline over the next sixty days. *See* Jt. Mot. for Stay at 2, *Rosebud Sioux Tribe v. Biden ("Rosebud I")*, No. 4:18-cv-118, ECF No. 179. TC Energy intends to consider the impact of the President's decision on the project and does not intend to move forward with pipeline construction while it conducts that evaluation. *Id.* If circumstances change and TC Energy opts to move forward with pipeline construction or construction of new pump stations, it will notify the Court in *Rosebud I* of those plans sixty days in advance of those activities, and Defendants will inform the Court in this case about such a notice. *Id.* Such notice does not apply to actions taken by TC Energy in response to an order from the government, dismantling facilities or movement of equipment, or required environmental protection measures. *Id.* Additionally, TC Energy does not need to provide notice of other security or maintenance activities for existing infrastructure. *Id.*

In addition, in order for any construction activity to occur on federal lands under the authority of the U.S. Bureau of Land Management ("BLM") and the U.S.

---

[2] *See* https://www.tcenergy.com/announcements/2021-01-20-tc-energy-disappointed-with-expected-executive-action-revoking-keystone-xl-presidential-permit/.

Army Corp of Engineers ("Corps"), TC Energy must request a notice to proceed from BLM.  *See* U.S. Bureau of Land Management, Record of Decision, Keystone XL Pipeline Project, Decision to Grant Right-of-Way and Temporary Use Permit on Federal Land at 7 (Jan. 20, 2020), attached as Ex. 1.  If such a request were submitted, BLM would need to evaluate it to ensure that TC Energy complied with the required terms of the right-of-way grant, and that evaluation would likely take at least several weeks.  No such application has been submitted, and if an application is submitted, Defendants will notify the Court.  Further, TC Energy is required to schedule a preconstruction conference with BLM prior to commencing any construction or ground-disturbing activities on federal land and must notify BLM at least 30 days in advance of such preconstruction conference.  *See* U.S. Bureau of Land Management, Right-of-Way Grant MTM-98191, Temporary Use Permit MTM-98191-01, at Exhibit B, stipulation 4, attached as Exhibit 2.  TC Energy has not provided BLM notice of a preconstruction conference, and if TC Energy does provide notice, Defendants will inform the Court.

    In light of these developments, the parties respectfully request that the Court stay the current litigation deadlines for sixty days, so that the parties may determine what further proceedings may be necessary in this case. *See Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (a court has inherent authority to stay litigation).  During that time, incoming officials within the U.S. Department of the

Interior and other agencies will evaluate the previously issued authorizations for the pipeline. The agencies will evaluate whether the authorizations should be rescinded or suspended in light of the President's action or for other reasons. Given that many positions within the respective agencies' leadership have not yet been filled, this process will likely take several weeks.

At the end of the sixty-day period, the parties will advise the Court whether further proceedings are necessary and, if so, propose a revised briefing schedule. If the parties need additional time to discuss potential further proceedings, the parties will submit a status report and request additional time to continue their discussions.

Respectfully submitted this 3rd day of February, 2021,

        MARK STEGER SMITH
        Assistant U.S. Attorney
        U.S. Attorney's Office
        2601 Second Avenue North, Suite 3200
        Billings, MT 59101
        Ph: (406) 247-4667; Fax: (406) 657-6058
        mark.smith3@usdoj.gov

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General

        */s/ Luther L. Hajek*_____
        LUTHER L. HAJEK (CO Bar 44303)
        United States Department of Justice
        Environment and Natural Resources Division
        999 18th Street, South Terrace, Suite 370
        Denver, CO 80202
        Ph: (303) 844-1376; Fax: (303) 844-1350

luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

Wesley James Furlong (MT Bar No. 42771409)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Tel. (907) 276-0680
Fax (907) 276-2466
wfurlong@narf.org

Matthew L. Campbell (pro hac vice)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Tel. (303) 447-8760
Fax (303) 443-7776
mcampbell@narf.org

*Matthew Campbell*
Staff Attorney
Native American Rights Fund
1506 Broadway
Boulder, CO 80302-6296
mcampbell@narf.org
P:303-447-8760
Direct: 720-647-9636
F:303-443-7776

*Attorneys for Plaintiffs*
*Rosebud Sioux Tribe et al.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the foregoing brief is proportionately spaced, has a typeface of 14 points, and contains 812 words, excluding the tables, caption, signature, certificate of compliance, and certificate of service.

*/s/ Luther L. Hajek*
LUTHER L. HAJEK
U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2021, a copy of the foregoing Joint Motion for Stay was served on all counsel of record via the Court's CM/ECF system.

>　　　　　　　　　　　　*/s/ Luther L. Hajek*
>　　　　　　　　　　　　LUTHER L. HAJEK
>　　　　　　　　　　　　U.S. Department of Justice